1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10                            **WESTERN DIVISION**

11   **MELVIN THOMAS,**                    )
                                           )
12                   **Petitioner,**       ) **Case No. CV 14-5144-ABC(AJW)**
                                           )
13              **v.**                     )
                                           )
14   **M. SPEARMAN, WARDEN,**              ) **MEMORANDUM AND ORDER**
                                           ) **DISMISSING PETITION**
15                   **Respondent.**       )
     _____)

16

17        In 1996, petitioner was convicted of possession of cocaine, and

18   pursuant to the Three Strikes Law, he was sentenced to state prison

19   for a term of 25 years to life. [Petition at 2, 5].   In 2003,

20   petitioner filed a habeas corpus petition in this Court challenging

21   that 1996 conviction. <u>See</u> Case No. CV 03-517-RSWL(AJW). That petition

22   was dismissed with prejudice on July 28, 2003, because it was not

23   filed within the AEDPA's one year limitation period.   Petitioner did

24   not appeal that judgment.   On February 5, 2010, petitioner filed a

25   second habeas corpus petition, again attempting to challenge his 1996

26   conviction.   Case No. CV 10-00857-RSWL(AJW).   On February 26, 2010,

27   judgment was entered dismissing that petition as successive.

28   Petitioner filed the current petition for a writ of habeas corpus on

     June 27, 2014.   Like the prior petitions, the current petition seeks

1  to challenge the validity of petitioner's 1996 conviction and

2  sentence.

3       A federal court must dismiss a second or successive petition that

4  raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).

5  A federal court must also dismiss a second or successive petition

6  raising a new ground unless the petitioner can show that (1) the claim

7  rests on a new, retroactive, constitutional right or (2) the factual

8  basis of the claim was not previously discoverable through due

9  diligence, and those new facts establish by clear and convincing

10 evidence that but for the constitutional error, no reasonable

11 factfinder would have found the applicant guilty of the underlying

12 offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

13      It is not the district court, however, that decides whether a

14 successive petition may proceed.  Rather, "[b]efore a second or

15 successive application permitted by this section is filed in the

16 district court, the applicant shall move in the appropriate court of

17 appeals for an order authorizing the district court to consider the

18 application."  28 U.S.C. § 2244(b)(3)(A).  Absent authorization from

19 the Court of Appeals, this Court lacks jurisdiction over this

20 successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157

21 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert.

22 denied, 538 U.S. 984 (2003).

23      Petitioner's prior federal petition was dismissed with prejudice

24 as untimely.  A dismissal with prejudice based on the statute of

25 limitation renders subsequent petitions successive under the AEDPA.

26 McNabb v. Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per

27 curiam). Because petitioner has not obtained leave from the Court of

28 Appeals to file a successive petition, this Court lacks jurisdiction

1 | to consider it.  Accordingly, the petition for a writ of habeas corpus

2 | is dismissed for lack of jurisdiction.

3 | **IT IS SO ORDERED.**

4 |

5 | Dated: <u>July 21, 2014</u>

6 |

7 | _____
Audrey B. Collins
United States District Judge

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3